IN THE UNITED STATES OF AMERICA
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| v. | ) | CASE NO. 2:05CR214 |
| | ) | (Financial Litigation Unit) |
| CRYSTAL OWLE LAMBERT, | ) | |
|     Defendant. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EASTERN BAND OF CHEROKEE | ) | |
| INDIANS, | ) | |
|     Garnishee. | ) | |

## ORDER OF GARNISHMENT

**THIS MATTER** is before the Court on this Court's Writ of Continuing Garnishment, filed August 9, 2006, and the answer of the Eastern Band of Cherokee Indians (Tribe), as the Garnishee, filed August 25, 2006.

On March 29, 2006, the undersigned sentenced the Defendant to serve twelve months imprisonment for her convictions for embezzlement and theft. **Judgment in a Criminal Case, filed April 10, 2006, at 1-2.** As part of that Judgment, the Defendant was ordered to pay an assessment of $100.00 and restitution of $225,706.00 to the victims of the crime. *Id.* **at 4.**

The Government now seeks to garnish the Defendant's *per capita* distribution of gaming revenues received twice a year from the Tribe. The

Tribe has answered that such funds are immune from garnishment due to the sovereign nature of the Tribe.

Indian tribes have traditionally been considered sovereign nations which possess common law immunity from suit.  ***C&L Enters., Inc. v. Citizen Band of Potawatomi Indian Tribe of Okla.***, 532 U.S. 411, 418 (2001).  Congress may, however, abrogate that immunity if it does so unequivocally.  ***Id.* at 418;** ***N. States Power Co. v. Prairie Island Mdewakanton Sioux Indian Cmty.,*** **991 F.2d 458, 462 (8th Cir. 1993)** **("Congress has the power to statutorily waive a tribe's sovereign immunity.").**

When Congress enacted the Federal Debt Collection Procedure Act (FDCPA) in 1990, it defined a "garnishee" as any person who has custody of any property in which the debtor has a substantial nonexempt interest; and, it defined "person" as including an Indian tribe.  **28 U.S.C. §§ 3002(7) & (10).**  The FDCPA thus uses unequivocal language to waive the tribes' immunity.  ***U.S. v. Weddell,*** **12 F. Supp. 2d 999, 1000 (D.S.D. 1998) ("The Court concludes that Congress unequivocally expressed a waiver of the Indian tribes' sovereign immunity in the clear and unambiguous language of the Federal Debt Collection Procedure**

Act."), *aff'd*, 187 F.3d 634 (8th Cir. 1999).

As a result, the Tribe, as the Garnishee, must pay over to the federal government any property in which the Defendant has a nonexempt interest. *Id.* That property includes a *per capita* distribution to tribal members of gaming revenues. **See In re Kedrowski, 284 B.R. 439, 448-49 (Bankr. W.D. Wis. 2002).**

The Government has filed an Annual Accounting of Garnishment dated October 30, 2007, stating that the Government has received one (1) *per capita* garnishment payment from the Tribe totaling $4,652.00. According to the Annual Accounting, the balance after the posting of said payment is $219,999.69, as of October 30, 2007.

**IT IS ORDERED** that the Garnishee's motion to quash the writ of garnishment is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that an Order of Garnishment is hereby **ENTERED** in the amount of $219,999.69, computed through October 30, 2007, which attaches to each *per capita* distribution of gaming revenues on account of the Defendant.

Signed: November 15, 2007

Lacy H. Thornburg
United States District Judge